IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MACIAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-904-NJR |
| | ) |
| ROB JEFFREYS, ANTHONY D. WILLS, | ) |
| MARGARET MADOLE, YVETTE | ) |
| BAKER, JOSHUA A. SCHOENBECK, | ) |
| TERRANCE JACKSON, and NATHAN | ) |
| MCCARTHY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Macias, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. In the Complaint, Macias alleges Defendants violated his due process rights in disciplining him, in violation of the Fourteenth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Macias makes the following allegations: On September 16, 2021, he was placed in investigative status in the restrictive housing unit (Doc. 1, p. 4). The next day he was interviewed by internal affairs regarding a "scribe" found in his cell during a search (*Id.* at pp. 4-5). That same day he was issued a disciplinary report for the offense of 111: Security Threat Group or Unauthorized Organizational Leadership Activity (*Id.* at p. 5). He pled guilty to the offense and received three months C grade, three months segregation, and six months contact visits restrictions (*Id.*).

Subsequently, on September 23, 2021, he was issued another disciplinary report for a 111: Security Threat Group offense (*Id.*). This disciplinary report was issued by Lieutenant Nathan McCarthy from internal affairs (*Id.*). Macias alleges that he was never interviewed by internal affairs on September 23, 2021, even though the report states that the investigation was concluded on that date (*Id.* at pp. 6-7). The report was based on two letters that were discovered, although how and when those letters were discovered was withheld from the report for security reasons (*Id.*).

On September 28, 2021, Macias appeared before the adjustment committee, including Joshua Schoenbeck and Terrance Jackson (*Id.* at p. 7). Macias informed the committee that he was not aware of the report or the letters because he was not interviewed in connection with the investigation. He asked to see the letters he was being charged with, but the committee denied his request (*Id.* at p. 8). Macias pled not guilty

and offered a written statement (*Id.*). He was found guilty of the offense and received three months C grade, six months segregation, and six months contact restrictions (*Id.* at p. 9). Warden Wills ultimately approved the committee's findings (*Id.*). During his stay in segregation, Macias was placed in a dirty cell with fecal matter, saliva, blood, and secretions without access to cleaning supplies (*Id.* at p. 11). He was also placed in an area of the prison with seriously mentally ill inmates who threw bodily secretions, kicked their doors, and screamed all hours of the day and night, depriving Macias of sleep (*Id.*).

## **Preliminary Dismissals**

To the extent that Macias alleges Defendants Baker, Wills, Madole, and Jeffreys are liable for the due process violations for failing to investigate and remedy the wrong after they were notified through the grievance process, Macias fails to state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Further, to the extent he alleges that these individuals are liable for failing to oversee their employees or use their authority to correct staff mistakes, Macias also fails to state a claim. These individuals cannot be held liable on the basis of *respondeat superior*, or supervisory, liability because it is not recognized under Section 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). To the extent that Macias alleges a claim against all defendants in their official capacity, he also fails to state a claim. But to the extent that he seeks injunctive relief, Defendant Jeffreys will remain in the case, in his official capacity only, in order to implement any injunctive relief, if any, awarded in this case.

3

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** Fourteenth Amendment violation of due process claim against McCarthy, Schoenbeck, and Jackson for failing to investigate and provide support for the report against Macias.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Macias states a viable due process claim. He alleges that he was sentenced to six months in segregation and describes conditions he faced in segregation which could amount to an atypical and significant hardship. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Macias also points to a number of issues with the disciplinary proceedings: he was not allowed to see the written materials at issue, his defense was not investigated, he was not provided with the ability to provide opposing evidence, and the committee relied solely on the reporting investigator's observations. Although not all of these, individually, may amount to due process violations, at this stage he alleges enough

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

facts to state a claim. Further, he alleges enough facts to state a claim that the decision was not supported by "some evidence".

## Disposition

For the reasons stated above, Count 1 shall proceed against Nathan McCarthy, Joshua Schoenbeck, and Terrance Jackson. Rob Jeffreys (in his official capacity only) will remain in the case for the sole purpose of implementing any injunctive relief awarded. Anthony Wills, Margaret Madole, and Yvette Baker are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Nathan McCarthy, Joshua Schoenbeck, Terrance Jackson, and Rob Jeffreys (in his official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Macias. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Macias, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Macias, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Macias is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 8, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**